**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

RCH/CMM:SKW/AT/EWS/MOM
F. #2024R00298

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

September 8, 2026

By ECF

The Honorable Kiyo A. Matsumoto
United States District Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

Re: United States v. Carone, et al.
Criminal Docket No. 26-177 (KAM)

Dear Judge Matsumoto:

The government respectfully submits this letter in opposition to the defendants' letter motion to unseal summaries of third-party witness statements made to law enforcement (the "Letter" or "Ltr."), which the defendants have included in their motion for a bill of particulars.[1] The defendants' motion to unseal is meritless because (1) the summaries at issue are not judicial documents entitled to a presumption of public access; and (2) their publication would jeopardize important law enforcement and privacy interests. The Court should deny the motion to unseal in its entirety.

I. Relevant Background

On July 8, 2026, this Court, upon agreement of the parties, entered a protective order (the "Protective Order") pursuant to Federal Rule of Criminal Procedure 16(d) that provided, in relevant part, "[a]bsent prior agreement of the government or permission of the Court," materials designated as "Sensitive Discovery Material" and produced by the government to the defendants pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, Brady v. Maryland, 373 U.S. 83 (1963), or Giglio v. United States, 405 U.S. 150 (1972), "shall not be included in any public filing with the Court and instead shall be submitted under seal." ECF No. 76 ¶ 14.

[1] Although not formally styled as a motion, the Letter notes that the defendants believe that their motion for a bill of particulars and the accompanying cover letter "should not remain under seal and should instead be filed on the public docket." Ltr. at 2. For purposes of its response, the government construes the Letter as an application to unseal.

On August 25, 2026, the defendants moved for a bill of particulars and filed an accompanying brief in support of the motion. The brief summarizes statements of two witnesses, which the government disclosed to the defendants on July 26, 2026 (hereinafter, the "Sealed Materials"). The publicly filed version of the brief redacts the Sealed Materials. In filing an unredacted copy of the brief under seal, the defendants filed the accompanying Letter objecting to the sealing of the Sealed Materials and argued that the protected information does not "overcome the strong presumption of public access set forth in [Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110 (2d Cir. 2006)]." Ltr. at 2.

II. Applicable Law

"The public has a qualified right of access to judicial proceedings and documents, under both the common law and the First Amendment." United States v. Sattar, 471 F. Supp. 2d 380, 384 (S.D.N.Y. 2006).

"[J]udicial documents [are] subject to the common law presumption of public access." United States v. Amodeo, 44 F.3d 141, 146 (2d Cir. 1995) ("Amodeo I"). In determining whether there is a common law right of access to a particular document, a court must: (i) determine whether the documents in question are judicial documents; (ii) assess the weight of the common law presumption of access to the materials; and (iii) balance competing considerations against the presumption of access. See Lugosch, 435 F.3d at 119-20.

With respect to the first determination, the "mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access." Amodeo I, 44 F.3d at 145. "In order to be designated a judicial document, 'the item filed must be relevant to the performance of the judicial function and useful in the judicial process.'" Lugosch, 435 F.3d at 119 (citing Amodeo I, 44 F.3d at 145). "Documents that play no role in the performance of Article III functions, such as those passed between the parties in discovery, lie entirely beyond the presumption [of public access's] reach, and stand on a different footing than . . . any other document which is presented to the court to invoke its powers or affect its decisions." United States v. Amodeo, 71 F.3d 1044, 1050 (2d Cir. 1995) ("Amodeo II"). The Second Circuit, however, has held that "the public's common-law right . . . extend[s] to documents considered by the court in orders disposing of substantive pretrial motions." United States v. Wolfson, 55 F.3d 58, 61 (2d Cir. 1995).

With respect to the second determination, "[o]nce the court has determined that . . . documents are judicial documents and that therefore a common law presumption of access attaches, it must determine the weight of that presumption." Lugosch, 435 F.3d at 119. The weight is "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." Amodeo II, 71 F.3d at 1049. Thus, "[w]here testimony or documents play only a negligible role in the performance of Article III duties, the weight of the presumption is low and amounts to little more than a prediction of public access absent a countervailing reason." Id. at 1050 ("[W]here such documents are usually filed with the court and are generally available, the weight of the presumption is stronger than where filing with the court is unusual or is generally under seal.").

With respect to the third determination, "after determining the weight of the presumption of access, the court must balance competing considerations against it . . . [such as] the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." Lugosch, 435 F.3d at 120 (internal quotation marks omitted).

In addition, it is well established that the public and the press have a qualified First Amendment right to attend judicial proceedings and to access certain judicial documents. See id. However, this right "is not all-encompassing." Wolfson, 55 F.3d at 60. The Second Circuit has recognized two approaches to the determination of whether the First Amendment right of access extends to particular judicial records. "First, the public has a right to gain access to judicial records (1) that have historically been open to the press and general public, and (2) where public access plays a significant positive role in the functioning of the particular process in question." In re New York Times Co. to Unseal Wiretap & Search Warrant Materials, 577 F.3d 401, 409 (2d Cir. 2009). Second, the Second Circuit has held that the First Amendment protects access to judicial documents that are "derived from or a necessary corollary of the capacity to attend the relevant proceedings." Hartford Courant Co. v. Pellegrino, 380 F.3d 83, 93 (2d Cir. 2004). "Once the First Amendment right of access attaches, the proponent of sealing must overcome the presumption of access by demonstrating a substantial probability of harm to a compelling interest." In re Motion for Civ. Contempt by John Doe, No. 12 MC 557, 2016 WL 3460368, at *3 (E.D.N.Y. June 22, 2016).

## III. Argument

### A. Witness Statements Are Not Judicial Documents, and Are Protected from Disclosure by Second Circuit Law and EDNY Local Rules

It is blackletter law in the Second Circuit that materials exchanged in discovery are not "judicial documents" subject to either a First Amendment or common law presumptive right of public access. See United States v. Longueuil, 567 F. App'x 13, 15 (2d Cir. 2014) ("Documents that play no role in the performance of Article III functions, such as those passed between the parties in discovery, lie entirely beyond the presumption [of public access's] reach." (quoting Amodeo II, 71 F.3d at 1050)); see also United States v. Kerik, No. 07 CR 1027, 2014 WL 12710346, at *1 (S.D.N.Y. July 23, 2014) ("There is no presumptive right of public access to documents exchanged by parties during discovery and not considered by the Court."); United States v. Smith, 985 F. Supp. 2d 506, 519 (S.D.N.Y. 2013) ("[E]xperience and logic show that there is no right of access to discovery materials."); United States v. Anderson, 799 F.2d 1438, 1441 (11th Cir. 1986) ("Discovery, whether civil or criminal, is essentially a private process because the litigants and the courts assume that the sole purpose of discovery is to assist trial preparation. That is why parties regularly agree, and courts often order, that discovery information will remain private."). To the contrary, there is "a general and strong presumption against access to documents sealed under protective order when there was reasonable reliance upon such an order." S.E.C. v. TheStreet.com, 273 F.3d 222, 230 (2d Cir. 2001). "This presumption can only be overcome if there is a showing of improvidence in the grant of [the] order or some extraordinary circumstance or compelling need." Kerik, 2014 WL 12713046, at *1 (citing TheStreet.com, 273 F.3d at 229). As the defendants concede, the Sealed Materials at issue here consist of witness summaries that the government provided to the defense during the discovery process and pursuant to the Protective Order. There is therefore no presumptive right of public access to these

documents under either common law or the First Amendment, but instead a strong presumption against such access. See Seattle Times Co. v. Rhinehart, 467 U.S. 20, 33 (1984) ("[R]estraints placed on discovered, but not yet admitted, information are not a restriction on a traditionally public source of information.").

Moreover, the defendants have not argued that the Protective Order was improvidently granted and cite no extraordinary circumstance or compelling need warranting public disclosure of these summaries. See Ltr. at 1-2. The Letter references the Protective Order just once, in connection with the government's request that documents designated "Sensitive Discovery Material" be filed under seal, per the Order. Id. at 1. But nowhere does the Letter explain what extraordinary circumstances are presented by this Motion that would warrant the disclosure of information protected from disclosure by the Protective Order. And the defendants' citation to Coleman v. Cnty. of Suffolk, 174 F. Supp. 3d 747, 756 (E.D.N.Y. 2016), for the proposition that the "mere fact that information is subject to a confidentiality agreement between litigants is not a valid basis to overcome the presumption in favor of public access to judicial documents," Ltr. at 2, is misplaced. Coleman is a civil case, where there are no competing law enforcement interests in protecting the integrity of its investigation. Here, by comparison, for the reasons described below, infra § III(C), there are several countervailing interests that overcome the presumption in favor of public access to filings.

Because the Sealed Materials are not judicial documents, there is no basis for unsealing them.

B. The Defendants' Citation to the Sealed Materials in Their Motion Does Not Transform Them into Judicial Documents

The Motion's citation to summaries of certain witness statements produced by the government does not mean that those statements, or the summaries now filed in the Motion, constitute "judicial documents" under Second Circuit law. The "mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access." Amodeo I, 44 F.3d at 145; see also Newsday LLC v. County of Nassau, 730 F.3d 156 (2d Cir. 2013) ("[T]he category of 'judicial documents' should not be readily expanded. The fact that a document is relevant to the subject matter of a judicial proceeding, or that the proceeding was in some way stimulated by the document, does not make it public."). Rather, "the item filed must be relevant to the performance of the judicial function and useful in the judicial process in order for it to be designated a judicial document." Amodeo I, 44 F.3d at 145.

Here, the defendants' citation to summaries of statements from certain prospective witnesses does not render them part of the judicial record because those excerpts are not relevant to the judicial function of the Court. As explained in the government's opposition to the defendants' motion filed herewith, the defendants are not entitled to the particulars requested in their motion, irrespective of witness statements disclosed in discovery. While the defendants appear to suggest there are inconsistencies between the indictment and those witness statements, inconsistencies do not entitle the defendants to a bill of particulars. A motion for a bill of particulars is not a vehicle for testing whether the government's anticipated proof conforms to the defendants' characterization of the indictment, resolving perceived inconsistencies in the discovery, or assessing the sufficiency of the government's evidence before trial. The relevant

question is whether the indictment, together with other information provided to the defense, enables them to prepare a defense, avoid unfair surprise at trial, and protects against double jeopardy. As explained in the government's opposition, that standard is satisfied here. Because references to witness summaries do not bear on the sufficiency of the indictment or the defense's need for further particulars, the Court need not unseal them to adjudicate the pending motion. They should remain under seal.

C. Law Enforcement and Privacy Interests Justify Sealing Even If the Materials Are Judicial Documents

Even assuming the Sealed Materials are judicial documents (and they are not) the Court should deny the motion, because unsealing the Materials would jeopardize important law enforcement interests and the privacy interests of third parties. Specifically, disclosure of witness statements in a public manner, even in an anonymized form, could threaten the integrity of the government's case and the confidentiality of the government's investigation underlying this case.

"[T]he fact that a document is a judicial record does not mean that access to it cannot be restricted." Amodeo I, 44 F.3d at 146. Courts in the Second Circuit "have repeatedly recognized that materials, including even judicial documents which are presumptively accessible, can be kept from the public if their dissemination might adversely affect law enforcement interests." Smith, 985 F. Supp. 2d at 531 (citing cases); Amodeo I, 44 F.3d at 147 (recognizing "the law enforcement privilege as an interest worthy of protection"). Further, the Second Circuit has repeatedly recognized that the privacy interests of third parties may justify restrictions on public access to judicial documents. See Amodeo II, 71 F.3d at 1050-51 (noting that the "privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation" in determining the public's access to judicial documents). Indeed, "'[t]he privacy interests of innocent third parties . . . weigh heavily in a court's balancing equation.'" United States v. Martoma, No 12 CR 973, 2014 WL 164181, at *5-6 (S.D.N.Y. Jan. 9, 2014) (quoting Amodeo II, 71 F.3d at 1050). "Both the claims of law enforcement privilege and privacy are concerns for a trial court in performing the balancing test required to determine whether access should be allowed or denied." Amodeo I, 44 F.3d at 147.

Here, public disclosure of the Sealed Materials would reveal summaries of third-party witness statements and the content of law enforcement reports, which would undermine several legitimate law enforcement and privacy interests. Disclosure of the Sealed Materials would unnecessarily expose third-party witnesses to public scrutiny prior to trial and invade their privacy, deterring their willingness to meet with law enforcement investigators in the future. The witnesses are readily identifiable based on the contents of their statements alone, which allude to their roles, relationships to the defendants, and key events alleged in the indictment. Accordingly, even the disclosure of their anonymized statements could subject them to potential scrutiny and affect their willingness to cooperate with law enforcement. Moreover, because there is no assurance that these witnesses will testify for either the government or the defense at trial, such disclosure could expose the public to potentially inadmissible evidence and jeopardize the fairness of trial. Further, disclosure of the Sealed Materials would chill the cooperation of witnesses with the government, not only for the witnesses whose statements are part of the Sealed Materials, but also for other witnesses in this case, and for witnesses in other investigations as well. Indeed, as the Second Circuit has recognized, "[o]fficials with law enforcement responsibilities may be

heavily reliant upon the voluntary cooperation of persons who may want or need confidentiality. If that confidentiality cannot be assured, cooperation will not be forthcoming." Amodeo I, 71 F.3d at 1051; Kerik, 2014 WL 12710346, at *2 (denying request to unseal documents that "might reveal investigatory tactics and might also discourage potential cooperators in ongoing or future Government investigations"). Where the release of sealed information is "likely to cause persons in the particular or future cases to resist involvement where cooperation is desirable, that effect should be weighed against the presumption of access." Amodeo I, 71 F.3d at 1050; see also In re Dep't of Investigation of City of New York, 856 F.2d at 486.

## IV. Conclusion

For the foregoing reasons, the government respectfully submits that the Court should deny the defendants' motion to unseal the unredacted witness statements cited in the motion for a bill of particulars and the accompanying memorandum of law.

Respectfully submitted,

MICHAEL G. CONSIDINE
Attorney for the United States
Acting Under Authority Conferred by 28 U.S.C. § 515

By: /s/
Catherine M. Mirabile
Sara K. Winik
Adam R. Toporovsky
Eric Silverberg
Michael McGuinness
Assistant U.S. Attorneys
(718) 254-7000

cc: Clerk of Court (KAM) (by ECF)
Counsel of Record (by ECF)