Cooley

Andrew D. Goldstein
+1 202 842 7805
agoldstein@cooley.com

Russell Capone
+1 212 479 6580
rcapone@cooley.com

September 14, 2026

**VIA ECF**
Honorable Kiyo Matsumoto
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11202

**Re: *United States v. Carone et al.* (26-cr-177)**

Dear Judge Matsumoto:

Defendants respectfully submit this letter in further support of their request that Defendants' unredacted memorandum of law in support of their motion for a bill of particulars (the "Motion") submitted to the Court on August 25, 2026, ECF No. 105, be filed on the public docket. As explained in Defendants' letter accompanying the unredacted Motion, the redacted material does not meet the Second Circuit's standard for maintaining materials under seal. The government's arguments to the contrary are without merit and do not justify sealing documents that are, by default, public.

The government argues at some length a point that Defendants do not dispute: materials exchanged in discovery are not considered "judicial documents" under Second Circuit law. That is of no moment here: The only statements at issue are contained in a court document—a motion that will require a determination by the Court. Accordingly, the question for the Court is not the treatment of discovery materials but rather whether the statements in the motion are relevant to the Court's determination of the motion. *See Giuffre v. Maxwell*, 146 F.4th 165, 178 (2d Cir. 2025) (document filed in connection with a motion is a judicial document so long as it "would reasonably have the tendency to influence a district court's ruling on a motion," regardless of "which way the court ultimately rules or whether the document ultimately in fact influences the court's decision"); *see also Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (judicial documents are those that are "relevant to the performance of the judicial function"). Here, the statements at issue are relevant to the Court's determination of the Motion because they provide an explanation for how the Microtel was approved for an emergency migrant housing contract without any unlawful intervention by Frank Carone and underscore why Defendants are entitled to particulars specifying what official act(s) Frank Carone allegedly took.

Cooley



The government next contends that law enforcement and privacy interests justify sealing, even if the statements are considered judicial documents, because the witnesses are "readily identifiable" from the contents of their statements. But the redacted witness summaries contained in Defendants' Motion do not pose a material risk of identification to those witnesses—and disclose little information beyond what the Indictment has already made public. The first witness whose statements are redacted is referenced in the Motion as "City Official #2," the same designation the Indictment uses. And the redacted statements do not reveal anything new about City Official #2. *See* Ind. ¶ 8. The second witness whose statements are redacted is not mentioned in the Indictment but is described in Defendants' Motion only in generic terms far less detailed than the Indictment's descriptions of City Official #1, City Official #2, and City Official #3. *Compare* Mot. at 8 *with* Ind. ¶¶ 7–9. In short, the redacted witness summaries in Defendants' Motion do not implicate any privacy interests sufficient to overcome the strong presumption of public access. *See Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 143 (2d Cir. 2016) (privacy interests weak where disclosure would not reveal details of an ongoing investigation or pose a risk to witnesses); *Lumiere v. United States*, 2019 WL 6338175, at *2 (S.D.N.Y. Nov. 27, 2019) (denying request to seal appendix listing potential witnesses where the appendix used generic labels such as "Witness 1" and "Witness 2").

Accordingly, Defendants submit that the redacted material does not meet the standard for maintaining materials under seal and respectfully request that the Court unseal the unredacted Motion and the letter submitted therewith.

Sincerely,

*/s/ Andrew D. Goldstein*
Andrew D. Goldstein

*/s/ Russell Capone*
Russell Capone

cc: All Counsel via ECF